UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTI MORTENSEN<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRST AMERICAN TITLE<br>COMPANY, INC.,<br><br>                    Defendant. | Case No. 2:11-CV-0063-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in the above-entitled matter is the Defendant's Motion for Summary Judgment. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The dispute in this case concerns the interplay between the Plaintiff, Marti Mortensen, her ex-husband, Vernon Mortensen, and the Defendant, First American Title Company, Inc. ("First American Title"). The Mortensens were married for approximately twenty-five years. During their marriage, Mr. Mortensen engaged in a business involving

**MEMORANDUM DECISION AND ORDER - 1**

the buying and selling of real estate which eventually involved transactions for substantial sums of money. To facilitate the business, each spouse signed powers of attorney for the other. Mr. Mortensen would conduct some of the real estate transactions using Ms. Mortensen's power of attorney. Mr. Mortensen utilized First American Title for the majority of the closing and title work needed for the business.

In 2004, the Mortensens began the process of separation and divorce. On June 8, 2006, Ms. Mortensen filed for divorce at which time, the Complaint alleges, a general injunction prohibiting the sale of marital properties was entered. (Dkt. 1 at ¶ 3.6.) When the divorce was filed Ms. Mortensen alleges she was a party to several real estate transactions related to the business dealings between First American Title and Mr. Mortensen. Ms. Mortensen alleges that First American Title undertook several actions related to those real estate transactions that were contrary to her interests which have caused her damages. As a result, on February 22, 2011, Ms. Mortensen filed the Complaint in this action asserting causes of action against First American Title for breach of contract, breach of fiduciary duty, breach of an injunction, duress, and undue influence. (Dkt. 1.) First American Title filed the instant Motion for Summary Judgment which is now ripe for the Court's consideration. (Dkt. 14.) The Court finds as follows.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

**MEMORANDUM DECISION AND ORDER - 2**

the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party moving for summary judgment has the initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting evidence to show that a genuine issue of fact remains. The party opposing the motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 248. If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then summary judgment is proper as "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*

**MEMORANDUM DECISION AND ORDER - 3**

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)[1]

Moreover, under Rule 56, it is clear that in order to preclude entry of summary judgment an issue must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. V. San Francisco Automotive Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted). Of course, when applying the above standard, the court must

---

[1]*See also,* Rule 56(e) which provides:

(e)    **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   (1)       give an opportunity to properly support or address the fact;
   (2)       consider the fact undisputed for purposes of the motion;
   (3)       grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
   (4)       issue any other appropriate order.

**MEMORANDUM DECISION AND ORDER - 4**

view all of the evidence in the light most favorable to the non-moving party. *Anderson,*

477 U.S. at 255; *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

**1.      First Claim of the Complaint**

The first cause of action in the Complaint alleges First American Title breached

duties it owed to Ms. Mortensen. (Dkt. 1 at ¶ 5.) First American Title asserts this claim

should be dismissed as a matter of law because it did not owe or breach any duties to Ms.

Mortensen as she has alleged. (Dkt. 14.) Ms. Mortensen maintains a question of fact

exists as to whether or not First American Title breached the duties it owed to her. (Dkt.

19 at 10.)

The sources of the duties alleged in the first claim of the Complaint are written

agreements, fiduciary duties, and the terms of the divorce injunction. (Dkt. 1 at ¶¶ 5.1,

5.2, 5.3.) In her briefing, Ms. Mortensen primarily argues two sources for the duties that

she claims were breached; expressed contractual duties in the escrow agreements and

implied duties. (Dkt. 19 at 10-15.) Her briefing does make passing references to

transactions made contrary to the divorce injunction. (Dkt. 19 at 6.) The Complaint and

her briefing also point to the knowledge First American Title allegedly had regarding the

Mortensen's pending divorce and the impact that the Mortensen's divorce had on the

property transactions. (Dkt. 1 at ¶ 5.1.3) (Dkt. 19 at 7, 11, 14.)

**A.      Expressed Contractual Duties**

Ms. Mortensen claims First American Title acted as a closing agent as well as an

**MEMORANDUM DECISION AND ORDER - 5**

escrow holder during the property transactions at issue. (Dkt. 19 at 10.) In regards to the alleged breaches of expressed written contracts, the Complaint points to the closing and/or title insurance transaction documents used for the transactions specifically listed therein. (Dkt. 1 at ¶ 5.1.1.)[2] Ms. Mortensen points to the instructions included for each closing and escrow transaction that Mr. Mortensen signed using Ms. Mortensen's power of attorney. (Dkt. 19 at 10.) Ms. Mortensen argues First American Title breached the terms of those agreements because it knew the transactions were being processed by Mr. Mortensen using her power of attorney while they were in the process of divorcing. (Dkt. 19 at 11.) First American Title counters that it abided by the terms of the escrow agreements and was under no duty to act as Ms. Mortensen has alleged here.

The escrow agreement and instructions sheet used in the 2004 transactions expressly states that the "escrow holder is to be considered and held as a depositary only" and it is not "responsible or liable in any manner for the sufficiency or correctness as to form, manner or execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same." (Dkt. 14-4.) It goes on to state, "[i]ts duties shall be limited to the safekeeping of such money, instruments or other documents received by it as escrow holder and for the delivery of the same in

---

[2] Paragraphs 3.7.1 through 3.7.16 of the Complaint list sixteen separate specific transactions that Ms. Mortensen alleges occurred between 2002 and 2006 between she and First American Title which were detrimental to her position in her divorce action. (Dkt. 1 at ¶ 3.8.) Paragraphs 3.9.1 through 3.9.6 allege further events concerning the property settlement agreement entered into between the Mortensens and Paragraphs 3.10.1 through 3.10.5 allege events concerning the foreclosure of real property by the Trefz Family Trust all of which Ms. Mortensen argues were unfavorable to her. (Dkt. 1.)

MEMORANDUM DECISION AND ORDER - 6

accordance with these written escrow instructions...." (Dkt. 14-4.) The 2005 escrow closing instructions form contains a paragraph titled "Legal Advice" which advises the partes that First American Title cannot give legal advice and that it "is acting only as an escrow agent and...it is forbidden by law from offering advice to any party regarding the merits of this escrow transaction or the nature of the instruments utilized, and that it has not done so." (Dkt. 14-4.)

The Court has reviewed these documents and concludes that none of the escrow forms used in this case give rise to an expressed duty as alleged by Ms. Mortensen in her Complaint. "The liability of the escrow depositary largely depends on its specific or express duties in the escrow agreement." *Winn v. Amerititle, Inc.*, 731 F.Supp.2d 1093, 1100 (D. Idaho 2010) (citing *Blaine County Title Associates*, 66 P.3d 221 (Idaho 2002) (the escrow depositary failed to adhere to specific escrow instructions regarding the release of the escrow money and was held liable); *All American Realty, Inc. v. Sweet*, 687 P.2d 1356 (Idaho 1984) (escrow agent violated the "express instructions" of the escrow agreement and was held liable)). "Escrow depositories are held to the strict compliance of the instructions of the escrow agreement." *Id.* (citing *Blaine supra*).

Here, there is nothing in the written agreements that expressly required First American Title to have acted differently than it did in this case or as Ms. Mortensen has alleged it should have. It is undisputed that Ms. Mortensen signed a power of attorney which allowed her then-husband to sign agreements on her behalf. There is nothing in the expressed language of the escrow agreements that obligated First American Title to

**MEMORANDUM DECISION AND ORDER - 7**

investigate the transactions or owe any additional duties to Ms. Mortensen. Moreover,

Ms. Mortensen has not pointed to any portions of the materials in the record that go to

demonstrate the presence of a genuine issue of fact concerning any such expressed

obligation on the part of First American Title to do so. *See Anderson*, 477 U.S. at 248

(The party opposing the motion for summary judgment may not rest upon the mere

allegations or denials of her pleading, but must set forth specific facts showing that there

is a genuine issue for trial.). Therefore, the Court grants the Motion for Summary

Judgment as to the first claim to the extent it alleges breach of any expressed contract

duties.

### B.        Breach of Divorce Injunction

The first claim in the Complaint also asserts First American Title carried out

certain transactions during the pendency of the Mortensen's divorce in violation of an

injunction that was in place at the time. (Dkt. 1 at ¶ 5.3.) There is nothing filed in the

record evidencing that an injunction was entered when Ms. Mortensen filed for divorce or

what the terms of that injunction were. Regardless, Ms. Mortensen admits in the

Complaint that First American Title was "not bound by the injunction" but, she alleges,

First American Title should have been aware of the injunction's existence and not

assisted Mr. Mortensen in carrying out transactions in violation of the injunction. (Dkt. 1

at ¶ 5.3.1-5.3.3.) Because it is undisputed that First American Title was not a party to the

divorce injunction, these allegations do not give rise to a express breach of contract claim.

### C.        Breach of Fiduciary Duty

**MEMORANDUM DECISION AND ORDER - 8**

Throughout the Complaint there are generalized and conclusory allegations that First American Title breached fiduciary duties it owed to Ms. Mortensen. (Dkt. 1 at ¶¶ 5.1.2, 5.2, 6.4.) In her responsive briefing, Ms. Mortensen argues First American Title had a duty to reveal a known fraud and that its agent had a duty to "include matters arising from knowledge of the circumstances surrounding the transactions," i.e. the pending divorce. (Dkt. 19 at 12-13.) First American Title counters that no such duty has been shown to exist on the record here. (Dkt. 19 at 4.)

In her Complaint, Ms. Mortensen alleges Mr. Mortensen was single largest customer of the First American Title office in Bonners Ferry County. (Dkt. 1 at ¶ 3.2.) The Complaint goes on to allege Mr. Mortensen had "a close personal relationship" with at least one employee of First American Title and that the impending divorce was known to the employees of the Bonners Ferry First American Title office. (Dkt. 1 at ¶¶ 3.4-3.5.) In the second claim of the Complaint, Ms. Mortensen also alleges, First American Title had breached its duty of good faith and fiduciary responsibility to her by permitting the December 14, 2006 meeting to occur without insuring that Ms. Mortensen understood First American Title's "role in the meeting and was properly represented." (Dkt. 1 at ¶ 6.4.) Ms. Mortensen alleges the circumstances of the meeting itself were "highly intimidating and coercive" and points to the participation of First American Title personnel at the meeting as contributing to the disfavorable and pressured settlement. (Dkt. 1 at ¶¶ 6.1-6.4.) In her response brief, Ms. Mortensen further describes the circumstances of the meeting and points in particular to the actions of Ken Hoogland

**MEMORANDUM DECISION AND ORDER - 9**

who, she argues, incorrectly certified the value of the debt on the properties she was to

acquire under the settlement. (Dkt. 19 at 9, 15.) Likewise, in her responsive brief, Ms.

Mortensen states:

> First American [Title] may not have given legal advice, or addressed the
> wisdom of the proposed transaction: but certainly it [sic] within the title
> company's brief to provide accurate information about something as basic
> as the value of liens against property. Under its contracts with Marti
> Mortensen as closing agent for the properties, First American [Title]
> assumed the fiduciary duties of honesty and impartiality.

(Dkt. 19 at 15-16.)

First American Title has shown that these conclusory allegations made by Ms.

Mortensen do not evidence any fiduciary duty that existed in this case. "To establish a

claim for breach of fiduciary duty, plaintiff must establish that defendants owed plaintiff a

fiduciary duty and that the fiduciary duty was breached." *Wesco Autobody Supply, Inc. v.*

*Ernest*, 243 P.3d 1069, 1080 (Idaho 2010) (citation omitted).

**MEMORANDUM DECISION AND ORDER - 10**

Here, First American Title was not under any duty to act, give advice, or act on behalf of Ms. Mortensen as she has sought to claim here. (Dkt. 14 at 4.) "A fiduciary relationship exists when one party is under a duty to act or to give advice for the benefit of the other upon a matter within the scope of the relation. Whether a fiduciary relationship exists is a question of law." *Beaudoin v. Davidson Trust Co.*, 263 P.3d 755, 759 (Idaho 2011) (citations and quotations omitted). As the Court has determined above, there are no express written terms between the parties that obligated First American Title to act in a fiduciary capacity towards Ms. Mortensen. Furthermore, there are no facts going to show that First American Title assumed any such fiduciary duty.

"Fiduciary relationships are commonly characterized by one party placing property or authority in the hands of another, or being authorized to act on behalf of another." *Id.* The Idaho Supreme Court has recognized that:

> [t]he term fiduciary implies that one party is in a superior position to the other and that such a position enables him to exercise influence over one who reposes special trust and confidence in him.... As a general rule, mere respect for another's judgment or trust in [his] character is usually not sufficient to establish such a relationship. The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party.

*Id.* (citation omitted). There are no facts alleged or pointed to by Ms. Mortensen which evidence that First American Title assumed a relationship of trust and confidence with Ms. Mortensen such that it was in a superior position to Ms. Mortensen and held a special

**MEMORANDUM DECISION AND ORDER - 11**

trust. *Id.* ("[F]inding an assumed fiduciary duty requires more than a mere voluntary undertaking.").

Instead, the unverified Complaint makes generalized and conclusory factual statements none of which evidence the existence of any kind of special relationship between the parties. (Dkt. 1.) The same is true of the arguments and factual statements contained in Ms. Mortensen's response brief. (Dkt. 19.) There too, Ms. Mortensen's arguments raise similar factual contentions as are made in the Complaint in the same conclusory fashion. Ms. Mortensen has not pointed to anything in the record or presented any evidence that would give rise to a genuine issue of material fact regarding whether a fiduciary duty existed in this case and, if so, whether that duty was breached. The Court finds Ms. Mortensen has not shown any genuine issues of material fact that exist on this claim regarding whether such a duty existed and, if so, that First American Title breached that duty. As such, summary judgment is granted as to this claim.

**2.      Second Claim of the Complaint**

 The second cause of action involves the events surrounding the December 14, 2006 meeting at First American Title's office in Bonners Ferry, Idaho. (Dkt. 1 at ¶ 6.1.) The purpose of that meeting was to execute a property settlement agreement in relation to the Mortensen's divorce proceedings. In the Complaint, Ms. Mortensen alleges the "circumstances of that meeting were highly intimidating and coercive" to her. (Dkt. 1 at ¶ 6.1.) The Complaint goes on to allege that the participation of First American Title's personnel at the December 14th meeting "contributed to her inability to properly protect

MEMORANDUM DECISION AND ORDER - 12

herself from a pressured settlement that was disfavor able to her." (Dkt. 1 at ¶ 6.3.)

First American Title argues Ms. Mortensen has failed to show a genuine issue of material fact exists in support of her second claim in the Complaint whether it be for duress or undue influence. (Dkt. 14 at 5.) In response, Ms. Mortensen couches her second claim somewhat differently than stated in the Complaint, arguing that at the December 14th meeting, "the title company misrepresent[ed] the facts underlying a transaction, to the benefit of one party." (Dkt. 19 at 15.) In particular, she points to Ken Hoogland "certifying as correct" the total debt that attached to certain property as being $1.5 million when it actually turned out to be $3.5 million. (Dkt. 19 at 15.)[3] Ms. Mortensen argues that although stated as a claim for undue influence, the claim really goes to the fact that "First American [Title] lent its weight to the process of inducing Marti Mortensen to sign the property settlement agreement which turned out to be unfavorable; and effectively concealed intervening transactions." (Dkt. 19 at 15.) In reply, First American Title argues

---

[3] First American Title's reply brief challenges the representations concerning the total amounts arguing Ms. Mortensen is changing her position from the testimony she gave at her deposition. (Dkt. 20 at 5.) First American Title asks that particular statements be struck as there is no showing how Ms. Mortensen has any personal knowledge to make those statements, there are no documents provided to support those statements, and the statements are hearsay. (Dkt. 20 at 2-3.) Further, First American Title seeks to bar Ms. Mortensen's statements in the Declaration that contradict her prior deposition testimony. (Dkt. 20 at 3.)

In response to a motion for summary judgment, the opposing party must, by affidavit, declaration, or other admissible evidence, establish the presence of a genuine dispute. *See* Fed. R. Civ. P.  56(c). An affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Hearsay evidence is not admissible except as provided by the rules of evidence or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

Ms. Mortensen's Declaration does not meet the requirements of Rule 56(c)(4). (Dkt. 19-2, Decl. Marti Mortensen.) The Declaration does not state that it is made upon Ms. Mortensen's personal knowledge or set out facts which would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

**MEMORANDUM DECISION AND ORDER - 13**

that no misrepresentation claim was alleged in the Complaint, these arguments contradict Ms. Mortensen's prior deposition testimony, and there has been no admissible evidence shown that would substantiate such a claim. (Dkt. 20 at 5.) The Court finds as follows.

### A.      Misrepresentation Claim

The Court finds there is no misrepresentation claim alleged in this case. The second claim in the Complaint does not set out a separate misrepresentation claim or even use the word "misrepresentation." (Dkt. 1 at ¶ 6.) The third section of the first claim in the Complaint includes one allegation of misrepresentation related to the divorce injunction Ms. Mortensen claims was imposed when she filed for divorce. (Dkt. 1 at ¶ 5.3.) There, the Complaint alleges that First American Title "delayed recording certain documents" until after Ms. Mortensen had entered into a property settlement, "resulting in the property involved in those documents being concealed or misrepresented to her." (Dkt. 1 at ¶ 5.3.3.) That argument, however, does not give rise to a claim for misrepresentation.

The elements of a misrepresentation claim are as follows:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

**MEMORANDUM DECISION AND ORDER - 14**

*Aspiazu v. Mortimer*, 82 P.3d 830, 832 (Idaho 2003) (quoting *Faw v. Greenwood*, 613 P.2d 1338, 1340 (Idaho 1980)). A misrepresentation claim may also be stated on the basis of nondisclosure or omission. *Tusch Enterprises v. Coffin*, 740 P.2d 1022, 1026 (Idaho 1987).

  In this case, the Complaint's allegation of a "misrepresentation" does not suffice to state a claim for misrepresentation; whether it be an affirmative misrepresentation or failure to disclose. Further, Ms. Mortensen's arguments in her responsive briefing concerning the property settlement agreement go to her breach of fiduciary duty claim, not a misrepresentation claim. (Dkt. 19.) There, Ms. Mortensen asserts that First American Title "misrepresented the facts underlying a transaction" by inaccurately certifying the value of the real property in the property settlement agreement. (Dkt. 19 at 9, 15-16.) Likewise, Ms. Mortensen's statement that "[w]hat we have is a fairly clear case of the title company misrepresenting the facts underlying a transaction, to the benefit of one party." (Dkt. 19 at 15.) These arguments go to her allegations of a breach of fiduciary duty as evidenced by the fact that the section of the response brief containing these statements concludes by stating that First American Title had assumed the "fiduciary duties of honesty and impartiality." (Dkt. 19 at 16.) Based on the foregoing, the Court finds no misrepresentation claim has been raised in this case.

**MEMORANDUM DECISION AND ORDER - 15**

### B.    Duress and/or Undue Influence Claims

First American Title argues the second claim is one for either duress or undue influence and, regardless of which, summary judgment is appropriate. (Dkt. 14 at 5-10.) Both of those claims are affirmative defenses to the enforcement of a contract which, if one prevails, would allow the aggrieved party to avoid enforcement of such a contract. *See Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 283 P.3d 757, 776-77 (Idaho 2012) (citation omitted). Thus, if Ms. Mortensen were to prevail under either theory, duress or undue influence, the contract could be rendered unenforceable unless certain limited exceptions applied. *See Taylor v. AIA Services Corp.*, 261 P.3d 829, 842 (Idaho 2011).

### (1)    Duress

"[A]n actionable claim of duress requires three elements: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Country Cove Development, Inc. v. May*, 150 P.3d 288, 292 (Idaho 2006) (citation omitted). "Duress must be proved by clear and convincing evidence." *Id.* "In order to survive a motion for summary judgment the plaintiff need not prove that an issue will be decided in its favor at trial; rather, it must simply show that there is a triable issue." *Id.* On this Motion for Summary Judgment, therefore, this Court is not weighing the evidence or determining whether Ms. Mortensen has produced clear and convincing evidence, but determining only whether there is evidence sufficient to create a triable issue of fact or,

**MEMORANDUM DECISION AND ORDER - 16**

stated differently, whether there is a genuine issue for trial. *Id.* The Court finds Ms.

Mortensen has failed point to any evidence creating a triable issue of fact as to her duress

claim.

"Mere reluctance to accept is not sufficient to constitute duress; the party claiming

duress must show that there was no reasonable alternative. Moreover, that party must

prove causation, that is, that the duress resulted from [the other party's] wrongful and

oppressive conduct rather than from the party's own necessities." *Country Cove*, 150 P.3d

at 292; *Inland Empire Refineries, Inc. v. Jones*, 206 P.2d 519, 522 (Idaho 1949)

("Generally, the demand by one party must be wrongful or unlawful, and the party must

have no other means of immediate relief from the actual or threatened duress other than

by compliance with the demand."). Duress "includes that condition of mind produced by

the wrongful conduct of another, rendering a person incompetent to contract with the

exercise of his free will power." *Goodman v. Lothrop*, 151 P.3d 818, 823 (Idaho 2007)

(quoting *Inland Empire Refineries v. Jones*, 206 P.2d 519, 522 (Idaho 1949)).

"[C]onclusory assertions unsupported by specific facts are insufficient to raise a genuine

issue of material fact precluding summary judgment." *Id.* (citations omitted).

Neither the Complaint nor her responsive filings point to specific facts sufficient to

support a claim of duress. The generalized allegations regarding the December 14, 2006

meeting do not provide any specific facts let alone triable facts which go to show the kind

of wrongful and oppressive conduct needed for a claim of duress. Instead, Ms.

Mortensen's submissions offer only conclusory assertions. Accordingly, the Court finds

**MEMORANDUM DECISION AND ORDER - 17**

there is no genuine issue for trial as to any claim of duress.

### (2)    Undue Influence

"Generally, undue influence is demonstrated through proof of four elements: '(1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence.'" *In re Estate of Conway*, 277 P.3d 380, 386 (Idaho 2012) (considering undue influence in the context of the validity of a will) (quoting *Gmeiner v. Yacte*, 592 P.2d 57, 62–63 (Idaho 1979)). Evidence relevant to the question of undue influence includes

> the age and physical and mental condition of the one alleged to have been
> influenced, whether he had independent or disinterested advice in the
> transaction, the providence or improvidence of the gift or transaction, delay
> in making it known, consideration or lack or inadequacy thereof for any
> contract made, necessities and distress of the person alleged to have been
> influenced, his predisposition to make the transfer in question, the extent of
> the transfer in relation to his whole worth,... active solicitations and
> persuasions by the other party, and the relationship of the parties.

*Id.* (citation omitted).

First American Title maintains there has been no showing of undue influence in this case given that: Ms. Mortensen had separate bank accounts from Mr. Mortensen, the mere presence at First American Title's office and its employees at the December 14th meeting is not in and of itself coercive, First American Title was not a party to the contract entered into on December 14th, and Ms. Mortensen met with her attorney prior to the signing. (Dkt. 14 at 10.) In response, Ms. Mortensen has offered no facts or evidence, let alone pointed to any dispute of fact, which would give rise to a claim for

**MEMORANDUM DECISION AND ORDER - 18**

undue influence. (Dkt. 20 at 15.)

In her Complaint, Ms. Mortensen only generally alleges that the circumstances of the meeting were highly intimidating and coercive; pointing to the fact that the meeting was held at First American Title's office and the presence/participation of First American Title's employees at the meeting. (Dkt. 1 at ¶¶ 6.1-6.4.) Such generalized allegations fail to show any genuine issue of material fact exists as to the elements for an undue influence claim. Because there are no facts alleged which go to show the elements for an undue influence claim, the Court grants the Motion for Summary Judgment as to any undue influence claim.

3.      **Conclusion**

In resolving this Motion for Summary Judgment, the Court has examined the pleadings, depositions, declarations, and the briefing on the matter contained within the record. Fed. R. Civ. P. 56(c). Any reasonable inferences have been drawn in favor of Ms. Mortensen, as the non-moving party. The Court notes, however, that inferences are not drawn out of the air, and it is Ms. Mortensen's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985). To demonstrate the existence of a genuine issue of material fact, Ms. Mortensen "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

**MEMORANDUM DECISION AND ORDER - 19**

(citation omitted). That is the case here.

First American Title has come forward with documents, deposition testimony, and the like which have establish the absence of any genuine issue of material fact as to all of Ms. Mortensen's claims. (Dkt. 14.) The only documents contained in the record were filed by First American Title. (Dkt. 14, 15.) Ms. Mortensen has not come forward with or pointed to any evidence in the record, let alone any that shows a genuine issue of fact remains. The Complaint is not verified and, therefore, may not be considered as evidence for purposes of summary judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The only documents filed by Ms. Mortensen are the Declarations of herself and Mr. Mortensen. (Dkt. 19-1, 19-2.) As stated above, however, Ms. Mortensen's Declaration failed to satisfy the requirements of Rule 56(c)(4). Further, Ms. Mortensen's response brief does not cite to any portion of the record. The only reference in her brief to anything in the record is in footnote one which discusses the discrepancy between Ms. Mortensen's deposition testimony and her Declaration. (Dkt. 19 at 9, n. 1.) Ms. Mortensen has identified no evidence or pointed to anything in the record going to show a disputed issue exists on her claims.

**MEMORANDUM DECISION AND ORDER - 20**

Based on the foregoing, the Court concludes First American Title has carried its initial burden on summary judgment to show there are no genuine issues of fact and that it is entitled to a judgment as a matter of law. The Court also concludes Ms. Mortensen has failed to satisfy her subsequent burden of presenting evidence going to show a genuine issue of material fact remains and/or establish the existence of an essential element of her claims at trial. Accordingly, the Motion for Summary Judgment is granted as to all claims. Because the Court's ruling on the claims themselves is dispositive of the Motion, the Court need not address First American Title's remaining arguments concerning damages and the statute of limitations.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Dkt. 14) is **GRANTED** as to **ALL CLAIMS**. Accordingly, this matter is **DISMISSED IN ITS ENTIRETY**.

IT IS FURTHER ORDERED that the Motions in Limine (Dkt. 21, 22, 23, and 24) are **MOOT**.

DATED:  **March 25, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 21**